IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JONATHAN R. JENNINGS WALKER PLAINTIFF

v. Case No. 6:24-cv-06030

DETECTIVE RICK LOY
(Interim Jail Administrator of the Clark County Detention Center);
CORRECTIONAL OFFICER DONALD-SAMPSON-HUNTER
(and Jail Administrator Trainee);
CORRECTIONAL OFFICER TYLER MCKAY
(CCDC)
CORRECTIONAL OFFICER JOSH WALDRUM
(CCDC) DEFENDANTS

# ORDER

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Christy D. Comstock, United States Magistrate Judge for the Western District of Arkansas. ECF No. 111. Plaintiff has objected to the R&R. ECF No. 116.[1] The Court finds this matter ripe for consideration.

## I. BACKGROUND

Plaintiff filed his Complaint on March 15, 2024, bringing claims pursuant to 42 U.S.C. § 1983 following an altercation with a fellow detainee, Ethan Hill ("Hill"), at the Clark County Detention Center ("CCDC"), that occurred on April 6, 2022. ECF No. 1. Plaintiff asserts that Defendants Rick Loy, Donald Sampson-Hunter, Tyler McKay, and Josh Waldrum violated Plaintiff's Constitutional rights when they failed to protect him from Hill and subsequently failed to render him proper medical care. ECF No. 1.[2] Separate Defendants Loy and Waldrum

[1] Plaintiff filed the objection a day late, but the Court will still consider it.
[2] Defendants Sampson-Hunter and McKay were not served, and the deadline to do so has passed.

(collectively "Defendants") have filed a Motion for Summary Judgment. No. 94. Judge Comstock recommended that the motion for summary judgment (ECF No. 94) be granted and Plaintiff's Complaint (ECF No. 1) be dismissed with prejudice. ECF No. 111. Plaintiff filed an objection (ECF No. 116) to the R&R, triggering a *de novo* review. See Thompson v. Nix, 897 F.2d 356, 358 (8th Cir. 1990) (noting that an objection to a magistrate's R&R must be timely and specific to require a *de novo* review of the R&R).

## II. STANDARD OF REVIEW

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." Nat'l Bank of Com. v. Dow Chem. Co., 165 F.3d 602, 607 (8th Cir. 1999).

## III. DISCUSSION

Judge Comstock recommended that Plaintiff's failure to protect claim be dismissed because there is no evidence in the summary judgment record establishing that either prong of the test stated in Holden v. Hirner, 663 F.3d 336, 341 (8th Cir. 2011), is satisfied. ECF No. 111. Next, Judge Comstock recommended that Plaintiff's denial of medical care claim be dismissed because Plaintiff failed to provide evidence of an objectively serious medical need. ECF No. 111. In support, Judge Comstock concluded that Plaintiff failed to provide any verifying medical evidence

showing that any delay in medical treatment adversely affected Plaintiff's prognosis for any condition. ECF No. 111.

Judge Comstock also addressed Plaintiff's other arguments. First, Judge Comstock concluded that Plaintiff frivolously asserted that Defendant Waldrum's affidavit was invalid. ECF No. 111. Next, Judge Comstock determined that Plaintiff frivolously asserted that his religion and sexuality[3] make him *per se* subject to a known, excessive risk of serious harm, entitling him to unidentified additional protection in any facility of incarceration. ECF No. 111. Moreover, Judge Comstock concluded that Plaintiff's argument that the false PREA Report filed by his cellmate Hill should have made CCDC staff aware that he was in danger if celled with Hill is contradicted by the record. ECF No. 111.

Plaintiff's objection argues that Defendants knew of Plaintiff's religion and sexual orientation and that such inmates are at a categorically higher risk of violent attacks. ECF No. 116. Plaintiff also alleges that Defendants knew that Hill had a pattern of violence and that Hill had a history of violent attacks on inmates. ECF No. 116. In sum, Plaintiff's objection asserts that Plaintiff's known religion and sexual orientation made him vulnerable to an excessive risk of harm, and that Defendants still housed him with a known violent individual. ECF No. 116.

Upon review of the summary judgment record, the Court agrees with Judge Comstock and finds that Plaintiff has not provided sufficient evidence to meet the standards for either a failure to protect claim or a denial of medical care claim. For Plaintiff to prevail on his failure to protect claim, he must satisfy a two-prong test: (1) show he was "incarcerated under conditions posing a substantial risk of serious harm[;]" and (2) show that the prison officials were "deliberately

[3] In the Complaint, Plaintiff identifies himself as Jewish and LGBTQ.

indifferent [to his] health or safety." Holden, 663 F.3d at 341. Furthermore, "[c]laims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." Irving v. Dormire, 519 F.3d 441, 448 (8th Cir. 2008).

Here, Plaintiff has offered two arguments that are relevant to the time before the April 6, 2022 fight to support his failure to protect claim. First, that Defendants should have known he was living under a known, excessive risk of serious harm because Plaintiff was openly gay and Jewish. Plaintiff cites no precedent that such status alone creates excessive risk of serious harm, and the Court is not aware of any. Further, the Court notes that most failure to protect cases involve an attacker known to be violent. See Vandevender v. Sass, 970 F.3d 972, 976 (8th Cir. 2020). Second, Plaintiff asserts that a false report made by Hill where Hill claimed Plaintiff said that he would rape Hill should have put the Defendants on notice that he was in danger of a substantial risk of harm from Hill. ECF No. 94-10. However, the false report provides no support for Defendants knowing of a risk to Plaintiff. ECF No. 94-10. Even if the report were true, Defendants would have been concerned about Hill's safety not Plaintiff's. ECF No. 94-10. Moreover, Plaintiff agreed in his deposition that there were never any issues between the two before April 6, 2022. ECF No. 94-7, at 22. Thus, there is nothing in the record that could establish either prong of this claim.

Additionally, Plaintiff has failed to put forth any evidence showing that he suffered more than a *de minimus* injury. The only evidence of an injury in the summary judgment record is a small red mark on Plaintiff's cheek which can be seen by the video interview on April 8, 2022, two days after the incident. ECF No. 94-5–6. The Court finds Plaintiff has failed to prove that the red mark on his cheek is more than a *de minimis* injury. See Chavero-Linares, 2013 WL 5655559,

*8 (N.D. Iowa 2013) (finding that a scratch or cut on cheek of plaintiff that she received when another inmate threw a chair at her, which required only one pain pill for treatment, was a *de minimis* injury). Thus, based on the summary judgment record, Plaintiff has failed to satisfy either prong of the deliberate indifference test, and the Court finds that Plaintiff's failure to protect claim fails as a matter of law.

The Court will now address Plaintiff's claim against Defendants for denial of medical care. ECF No. 1. To succeed, Plaintiff must demonstrate (1) that he had an objectively serious medical need, and (2) that the Defendants actually knew of, but deliberately disregarded, that serious medical need. See Ivey v. Audrain Cnty., 968 F.3d 845, 848 (8th Cir. 2020). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997). Moreover, the Eighth Circuit has held that, "[a] prisoner alleging a delay in treatment must present verifying medical evidence that the prison officials ignored an acute or escalating situation or that these delays adversely affected his prognosis." Holden, 663 F.3d at 342 (citation omitted).

To begin, Plaintiff's ADC dental and medical intake records dated April 14–15, 2022, do not state a diagnosis of injury, do not have any work restrictions listed, and there is no pain medication prescribed.[4] ECF No. 94-12, at 7, 39–43. Plaintiff's self-reported "nostril pain" was the only symptom listed. ECF No. 94-12, at 39–43. Furthermore, Plaintiff's victim statement and a grievance he filed are the only written documentation of the alleged injuries from the fight that

[4] For clarity, the altercation with Hill happened on April 8, 2022, seven days prior to the dental exam that found no injuries or other abnormalities. ECF No. 94-12.

Plaintiff has provided. ECF No. 106-1; ECF No. 94-11. However, Plaintiff did not request medical treatment in his victim statement or grievance. ECF No. 106-1; ECF No. 94-11. Also, Defendant Loy stated in his affidavit that the grievance was forwarded to the medical staff for review on the medical staff's next date of visit. ECF No. 94-3, at 4. According to Defendant Loy's affidavit, Plaintiff did not make another request. ECF No. 94-3, at 4. Therefore, Defendant Loy assumed Plaintiff's alleged injuries were resolved or not urgent. ECF No. 94-3, at 4.

Here, Plaintiff did not request medical treatment, and Plaintiff's medical records did not diagnosis any serious injuries. Also, Plaintiff did not provide any verifying medical evidence to Defendants. The victim statement and the grievance are not verifying medical evidence of a serious injury diagnosed by a physician and, even if they were, there is no evidence that Defendants ignored the victim statement or the grievance. See Holden, 663 F.3d at 342; see Rahija, 114 F.3d at 784. Furthermore, the alleged injuries from the victim statement and grievance are completely contradicted by the medical records. ECF No. 106-1; ECF No. 94-12. Therefore, the Court finds that Plaintiff has not provided sufficient evidence to meet his burden of demonstrating (1) that he had an objectively serious medical need, and (2) that the Defendants actually knew of, but deliberately disregarded, that serious medical need. See Ivey, 968 F.3d, 848.

Upon review, Plaintiff's objections are overruled and the Court adopts the R&R (ECF No. 111) in its entirety. Further, the deadline to serve Defendants Sampson-Hunter and McKay has passed. Accordingly, the Motion for Summary Judgment by Defendants Loy and Waldrum (ECF No. 94) is **GRANTED** and Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 12th day of October, 2026.

s/ John Thomas Shepherd
John Thomas Shepherd
United States District Judge